■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT L., Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the County Court, Nassau County (Delin, J.), imposed September 10, 1980, upon his adjudication as a youthful offender, after a guilty plea to attempted burglary in the second degree, the sentence being an indeterminate term of imprisonment not to exceed three years. Sentence modified, as a matter of discretion in the interest of justice, by reducing it to a term of probation of five years and a term of imprisonment of 60 days, said term of imprisonment to be a condition of and run concurrently with the sentence of probation. As so modified, sentence affirmed, and case remitted to the County Court, Nassau County, for the imposition of appropriate conditions of probation and for further proceedings pursuant to CPL 460.50 (subd 5). Upon reviewing the probation file, statements by police, and the transcripts of defendant's plea and sentence proceedings, this court is convinced that defendant's criminal conduct is not part of a life-pattern, but a shocking departure from an otherwise law abiding life-style. He appears to have been genuinely remorseful for the instant offense, and not to have minimized or excused his behavior in any way. He fully co-operated with the police. Based on this co-operation, and defendant's character and background, the Probation Department determined that rehabilitation within the community was feasible, and recommended a five-year term of probation and a concurrent 60-day prison term, pursuant to section 60.01 (subd 2, par [d]) of the Penal Law. After weighing all of the facts and circumstances evident upon this record, we are of the opinion that defendant's sentence should be reduced, and have modified it accordingly. Mangano, Gibbons and Rabin, JJ., concur.

Lazer, J. P., dissents and votes to affirm the sentence, with the following memorandum: Review of the record in this case makes it apparent to me that the County Court did not abuse its discretion in imposing an indeterminate term of imprisonment not to exceed three years. Indeed, I agree with my colleagues of the majority that the criminal conduct was shocking, but I disagree with their conclusion that reduction of the sentence is required. In my view, the sentence was quite appropriate.